Dear Ms. Coffman:
On behalf of the Palm Beach County Clerk of Courts and Comptroller, you ask substantially the following question:
Does the amendment to section 27.562, Florida Statutes, by Chapter 04-265, Laws of Florida, create a $40 distribution to the Indigent Criminal Defense Trust Fund that is in addition to the $40 application fee assessment that must be distributed to the Indigent Criminal Defense Trust Fund under section 27.52, Florida Statutes?
You state that the Office of the Clerk and Comptroller of Palm Beach County collects and distributes the statutory fines, costs and assessments relating to services of the public defender for indigent criminal defendants. You note that in 2004, sections 27.52, 27.562 and 938.29, Florida Statutes, were amended as part of legislative efforts to effectuate Revision 7 to Article V of the Florida Constitution, approved by the voters in November 1998, which reallocated state court system funding among the state, counties and users of the courts.[1] The Office of the Clerk and Comptroller has interpreted the above statutes as requiring one $40 distribution to the Indigent Criminal Defense Fund. The Office of the Public Defender, however, has questioned this interpretation and both parties have agreed to seek the opinion of this office.
Section 27.52, Florida Statutes, provides for the determination of indigency prior to the appointment of a public defender.[2] Section27.52(1)(b) and (c), Florida Statutes, states:
"(b) An applicant shall pay a $40 application fee to the clerk for each application for court-appointed counsel filed. The applicant shall pay the fee within 7 days after submitting the application. If the applicant doesnot pay the fee prior to the disposition of the case, the clerk shall notify the court, and the court shall:
1. Assess the application fee as part of the sentence or as a condition of probation; or
2. Assess the application fee pursuant to s. 938.29.
(c) Notwithstanding any provision of law, court rule, or administrativeorder, the clerk shall assign the first $40 of any fees or costs paid by anindigent person as payment of the application fee."[3] (e.s.)
All application fees collected by the clerk pursuant to this section are to be transferred monthly by the clerk to the Department of Revenue for deposit in the Indigent Criminal Defense Trust Fund, administered by the Justice Administrative Commission, to be used as appropriated by the Legislature.[4]
Section 938.29, Florida Statutes, authorizes the imposition of a lien for payment of attorney's fees or costs for representation by the public defender's office. The statute, which until 1997 was section 27.56, Florida Statutes,[5] provides:
"The defendant shall pay the application fee under s. 27.52(2)(a) [as of July 1, 2005, 27.52(1)(b)][6] and attorney's fees and costs in full or in installments, at the time or times specified. The court may order payment of the assessed application fee and attorney's fees and costs as a condition of probation, of suspension of sentence, or of withholding the imposition of sentence. Attorney's fees and costs collected under this section shall be deposited into the General Revenue Fund."[7]
Section 27.562, Florida Statutes, provides for the disposition of funds collected pursuant to section 938.29, Florida Statutes:
"The first $40 of all funds collected pursuant to s. 938.29 shall bedeposited into the Indigent Criminal Defense Trust Fund pursuant to s.27.525. The remaining funds collected pursuant to s. 938.29 shall be distributed as follows:
(1) Twenty-five percent shall be remitted to the Department of Revenue for deposit into the Justice Administrative Commission's Indigent Criminal Defense Trust Fund.
(2) Seventy-five percent shall be remitted to the Department of Revenue for deposit into the General Revenue Fund.
The Justice Administrative Commission shall account for funds deposited into the Indigent Criminal Defense Trust Fund by circuit. Appropriations from the fund shall be proportional to each circuit's collections. All judgments entered pursuant to this part shall be in the name of the state."[8] (e.s.)
Prior to the 2004 amendment, section 27.562, Florida Statutes (2003) provided that "[a]ll funds collected pursuant to s. 938.29, except the application fee imposed under s. 27.52, shall be remitted to the board of county commissioners of the county in which the judgement was entered."
Section 27.525, Florida Statutes, creates the Indigent Criminal Defense Trust Fund to be administered by the Justice Administrative Commission and provides that funds "shall be credited to the trust fund as provided in s.27.52, to be used for the purposes set forth therein." (e.s.) The Commission is responsible for accounting for these funds on a circuit basis, and appropriations from the fund shall be proportional to each circuit's collections.
This office in Attorney General Opinion 02-39 recognized that the above statutes were all originally contained in Chapter 27, Florida Statutes, and created a framework that authorized determinations of indigency and applications for representation by the public defender,[9] created the Indigent Criminal Defense Trust Fund administered by the Justice Administrative Commission,[10] authorized a lien for payment of public defender legal assistance,[11] and controlled the disposition of those funds collected through foreclosure on the lien.[12] While section 938.29, Florida Statutes, was renumbered and moved to Chapter 938 from Chapter 27, the scheme itself remains in place to ensure that application fees for public defender representation are segregated and transferred to the Department of Revenue for deposit to the Indigent Criminal Defense Trust Fund, as provided in section 27.52 (1)(d), Florida Statutes.
In reviewing the 2004 amendments to the statutes to implement Revision 7, I find nothing that seeks to alter the general scheme relating to the imposition of an application fee for representation by the public defender or to authorize the payment of an additional $40 application fee. Rather, the intent of the 2004 revision to section 27.562, Florida Statutes, appears to have been to maintain the priority of the distribution of the $40 application fee and to divert 25 percent of the remaining revenues collected under section 938.29, Florida Statutes, to the Indigent Criminal Defense Trust Fund.[13] As you note, the staff analysis for the legislation discusses the impact of diverting funds from the General Revenue Fund to the Indigent Criminal Defense Trust Fund, but makes no mention of the imposition of an additional $40 application fee or the effect of such an additional fee.[14]
Moreover, as noted above, section 27.52, Florida Statutes, prior to the 2004 amendment to section 27.562, Florida Statutes, stated that the clerk of the court shall assign the first $40 of any fees or costs paid by an indigent person as payment of the application fee; such language is still contained in section 27.52. The language added by Chapter 04-265, Laws of Florida, to section 27.562 stating that the first $40 of all funds collected pursuant to section 938.29, Florida Statutes (relating to fees and costs), shall be deposited into the Indigent Criminal Defense Trust Fund would appear to relate to the application fee referenced in section27.52.
Accordingly, I am of the opinion that the amendment to section 27.562, Florida Statutes, by Chapter 04-265, Laws of Florida, does not create a $40 distribution to the Indigent Criminal Defense Trust Fund that is in addition to the $40 application fee assessment that must be distributed to the Indigent Criminal Defense Trust Fund under section 27.52, Florida Statutes. The Legislature, however, may wish to clarify its intent on this issue.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Art. V, s. 14, Fla. Const., regarding funding; and see Art. XII, s. 25, Fla. Const., directing the Legislature to commence funding of Revision 7 beginning in the 2000-2001 fiscal year and requiring Revision 7 to be fully effectuated by July 1, 2004.
[2] Section 27.52(2), Fla. Stat. (2005). And see, s. 27.52(1)(a), Fla. Stat., which sets forth the financial information which must be included in the application.
Section 27.52 was amended during the 2005 legislative session, see Ch. 05-236, Laws of Fla. The House of Representatives Staff Analysis on CS/HB 1935, dated April 26, 2005, states that the proposed bill maintains the general scheme with certain exceptions such as the use of an application form developed by the Florida Clerk of Courts Operations Conference with final approval by the Supreme Court; provision of criteria for the court to consider when an applicant seeks review of the clerk's determination of non-indigency; and creating a first degree misdemeanor penalty for knowingly providing false information in seeking a determination of indigent status. The staff analysis notes that indigency is currently determined pursuant to the provisions of section 27.52, F.S., which generally requires the applicant to pay a $40 application fee to the clerk.
[3] Section 1, Ch. 96-232, Laws of Fla., added subsection (1)(c)-(d) to s. 27.52 to impose a fee on persons asserting indigency and requesting representation by the public defender and provided that the collecting entity assign the first $40 to the Indigent Criminal Defense Trust Fund. The following year the reference to "collecting entity" was changed to "clerk of the court" and the language "of any court assessed fees or costs that are paid by an indigent defendant" added after the reference to $40. In addition, language specifying that such funds were payment of the application fee was added. See s. 4, Ch. 97-107, Laws of Fla. Section 3 of Ch. 01-122, Laws of Florida, removed the reference to the Indigent Criminal Defense Trust Fund in subsection (1)(d) although subsection (1)(e) [now see s. 27.52(1)(d), Fla. Stat. (2005)] specified that the application fees were to be transferred monthly by the clerk to the Department of Revenue for deposit to such trust fund. In 2003, the legislature again amended s.27.52, however, the section still contained the pertinent language. See s. 16, Ch. 03-402, Laws of Fla. The 2004 statutes provided in subsection (4)(b) that the first $40 of any fees or costs paid by an indigent person serve as payment of the application fee. The 2005 Legislature again reworded s. 27.52, moving the language formerly contained in subsection (4)(b) to subsection (1)(c). See s. 3, Ch. 05-236, Laws of Fla., effective July 1, 2005.
[4] Section 27.52(1)(d), Fla. Stat. (2005). The subsection also authorizes the clerk to retain 2 percent of the application fees collected monthly for administrative costs prior to remitting the remainder to the Department of Revenue.
[5] See s. 22, Ch. 97-271, Laws of Fla.
[6] Section 3, Ch. 05-236, Laws of Fla., substantially reworded s. 27.52; however, language substantially similar to the language formerly contained in s. 27.52(2)(a), Fla. Stat. (2004) is now contained in s. 27.52(1)(b), Fla. Stat. (2005).
[7] Section 938.29(1)(c), Fla. Stat.
[8] See s. 13, Ch. 04-265, Laws of Fla., amending s. 27.562, Fla. Stat.
[9] Section 27.52, Fla. Stat.
[10] Section 27.525, Fla. Stat.
[11] Section 938.29, Fla. Stat., originally s. 27.56, Fla. Stat. (1975). It was renumbered by s. 22, Ch. 97-271, Laws Of Florida.
[12] Section 27.562, Fla. Stat.
[13] See Senate Staff Analysis and Economic Impact Statement on CS/CS/SB 2962, dated April 15, 2004 (staff analysis), at p. 23, stating:
"Provides that 25 percent of funds collected from public defender liens for attorney costs shall be deposited in the Indigent Criminal Defense Trust Fund of the public defenders; and the remainder is to be deposited into the General Revenue Fund of the state. Currently 100% of these collections are to be deposited into the General Revenue Fund after July 1, 2004."
[14] See Senate Staff Analysis and Economic Impact Statement on CS/CS/SB 2962, dated April 15, 2004 (staff analysis), at p. 30, stating:
"Changes to s. 27.562, F.S., direct 25 percent of the revenues received from the attorney costs assessed under s. 938.29, F.S., to the Indigent Criminal Defense Trust Fund of the public defenders. Under the law that was to become effective July 1, 2004 [Ch. 03-402, Laws of Fla.], all those funds, except for the $40 application fee, would have been deposited into the state General Revenue Fund. According to the 2002 data submitted bycounties in their Annual Financial Reports, $2.9 million in revenuestatewide was received by counties in that year pursuant to this statute.Assuming this figure will remain around $3 million during state Fiscal Year2004-05, $750,000 would be diverted from the General Revenue Fund to thepublic defenders' Indigent Criminal Defense Trust Fund. Funds received in the trust fund could not be expended except as authorized in the General Appropriations Act. Proponents of this change contend that this redirection of funds will actually provide a positive fiscal impact to the state because public defenders will have an incentive to assist in identifying defendants with assets from whom costs may be recovered over time. While this may be a reasonable assumption, there is no statistical information available for calculating a net positive fiscal impact." (e.s.)